IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY DISTEFANO | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 2:22-cv-2014 |
| v. | : | |
| | : | |
| WALMART, INC. d/b/a WALMART and | : | JURY TRIAL DEMANDED |
| WALMART – STORE 3475 | : | |
| Defendants. | : | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants, Walmart, Inc. d/b/a Walmart and Walmart – Store 3475 (hereinafter referred to collectively as "Walmart"), by and through their undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Philadelphia County Court of Common Pleas, April Term, 2022, No. 00798, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and aver in support thereof as follows:

1. Plaintiff initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas on April 11, 2022. *See* a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2. Plaintiff alleges that on June 3, 2020, he sustained injuries after he slipped and fell "by reason of coming into contact with hangers and/or other items" at the Walmart store in Norristown, Pennsylvania. See Exhibit "A," ¶¶ 4-5.

3. Plaintiff filed Affidavits of Service stating that he served Walmart on April 27 and May 4, 2022. *See* copies of Plaintiff's Affidavits of Service attached hereto as Exhibit "B."

4. Walmart filed Preliminary Objections to Plaintiff's Complaint on May 17, 2022, which remain pending as of the date of this Notice of Removal.

5. The State Court wherein this action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this jurisdictional district.

6. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

7. Removal is also proper under 28 U.S.C. § 1446(c)(2), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the state practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

8. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 as set forth below.

9. Plaintiff avers that he resides at 106 Norwood Lane, Norristown, PA 19401. *See* Exhibit "A," ¶ 1.

10. Therefore, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

11. Defendant Walmart Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas.

12. Defendant "Walmart – Store 3475" is not a recognized legal entity and therefore has no citizenship for diversity purposes.

13.     Therefore, Defendant is a citizen of the States of Delaware and Arkansas and the requirements of diversity jurisdiction are satisfied.

14.     In the Complaint, Plaintiff alleges that he sustained "left shoulder impingement syndrome, tear of rotator cuff of right shoulder and right hip strain as well as other serious and permanent injuries." *See* Exhibit "A," ¶ 9.

15.     He claims that he "has been subjected to a substantial increased risk of harm as well as other serious and permanent injuries." *Id.* at ¶ 10.

16.     Plaintiff further claims that, as a result of the incident, he "has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to his daily duties, functions and occupation, all to his great damage and loss." *Id.* at ¶ 12.

17.     In addition to the severe and permanent injuries claimed, Plaintiff makes a claim for punitive damages. *Id.* at ¶ 15.

18.     Plaintiff alleges damages in excess of $50,000. *Id.* at *ad damnum* clause.

19.     Removal is proper pursuant to this Court's decision in *Hiester v. Wal-Mart Stores East, LP*, Civil Action No. 18-4863, 2018 U.S. Dist. LEXIS 210670 (E.D. Pa. Dec. 13, 2018).

20.     In *Hiester*, Judge McHugh remanded a case from the Eastern District to Philadelphia County based on the defendant's failure to remove the action within thirty days of service of the complaint. *Id.* at *4.

21.     In that case, the complaint alleged unspecific "serious and painful injuries to [the] back, exacerbation of preexisting conditions and damage to [the] bones, muscles and nervous system, some or all of which may be permanent in nature"; "money for medical treatment which remains ongoing"; "great physical pain . . . disfigurement . . . [and] a severe interruption of [the

plaintiff's usual duties . . . into the indefinite future"; and claimed damages in excess of $50,000. *Id.* at *1-2.

22. Judge McHugh stated that "[b]ecause the difference between the state arbitration limit and the jurisdictional amount for removal is only $25,000, [he found] it significant that the Plaintiffs certified the case as one that should not go to arbitration." *Id.* at *3.

23. Similarly in this case, Plaintiff alleges severe and permanent injuries and claims damages in excess of $50,000, therefore certifying that this case is not appropriate for arbitration in Philadelphia County.

24. Plaintiff further makes a claim for punitive damages, indicating that he seeks damages above and beyond any available compensatory damages. *See* Exhibit "A," ¶ 15.

25. The Third Circuit has stated that the Court "must" consider punitive damages when calculating the amount in controversy. *See Frederico v. Home Depot*, 507 F.3d 188, 198-199 (3d Cir. 2007).

26. Based on the allegations in Plaintiff's Complaint, including a severe and permanent shoulder tear, a claim for damages in excess of $50,000, and a specific claim for punitive damages, Walmart believes and therefore avers that the amount in controversy exceeds $75,000 and the requirements for removal are satisfied.

27. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are diverse and the matter in controversy exceeds $75,000 as set forth herein.

28. Further, this Notice of Removal is timely filed within thirty days of service of Plaintiff's Complaint.

29. Accordingly, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendants, Walmart, Inc. d/b/a Walmart and Walmart – Store 3475, respectfully request that this State Action be removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

                                        **MCDONNELL & ASSOCIATES, P.C.**

Dated: May 24, 2022              By:     */s/ Gwyneth R. Schrager*
                                                        Patrick J. McDonnell, Esquire
                                                        Attorney I.D. No. 62310
                                                        Email: pmcdonnell@mcda-law.com
                                                        Gwyneth R. Schrager, Esquire
                                                        Attorney I.D. No. 319219
                                                        Email: gwilliams@mcda-law.com
                                                        500 Route 70 West
                                                        Cherry Hill, NJ 08002
                                                        (T) 856.429.5300 (F) 856.310.7900
                                                        *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GREGORY DISTEFANO<br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WALMART, INC. d/b/a WALMART and<br>WALMART – STORE 3475<br>　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 2:22-cv-2014<br><br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

　　　　I, Gwyneth R. Schrager, Esquire, hereby certify that on May 24, 2022, I caused Defendants' Notice of Removal to be filed with the Court via the court's Electronic Case Filing System and served via electronic and regular mail upon the following:

　　　　　　　　　　　　　James R. Radmore, Esquire
　　　　　　　　　　　　　　The Radmore Firm, LLC
　　　　　　　　　　　　Two Penn Center, Suite 520
　　　　　　　　　　　　　1500 J.F.K. Boulevard
　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　Email: jrr@radmore.net
　　　　　　　　　　　　　　*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　**MCDONNELL & ASSOCIATES, P.C.**

Dated: May 24, 2022　　　　　　　By:　　*/s/ Gwyneth R. Schrager*
　　　　　　　　　　　　　　　　　　　　Gwyneth R. Schrager, Esquire
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*